Smith *v.* Taylor.

R. D. SMITH, Ex'r, *et al. v.* A. D. TAYLOR *et al.*

1. EQUITY OF REDEMPTION. *Levy of execution.* The equity of redemption of a judgment debtor in land sold by execution is not leviable by another execution against the person to whom he has conveyed his interest in the land, nor will the redemption or purchase of the land by the grantee after the second levy and sale relate back so as to give the purchaser at the second execution sale a good title.

2. CHANCERY JURISDICTION. *To set aside the satisfaction of judgment.* Equity had original jurisdiction to set aside the satisfaction of judgments where no title was acquired by the judgment-creditor to land bought at an execution sale under the judgment, which is not effected by the creation of a statutory remedy, and having jurisdiction for this purpose, the court will sell the land for the satisfaction of the revived debt.

3. CHANCERY PLEADINGS AND PRACTICE. *Sale of land in bar of redemption.* A complainant entitled to sale of his debtor's land in satisfaction of a debt, who asks in his bill for a sale of the land in bar of redemption, is entitled to have the land sold, in pursuance of the provisions of the statute, on time, free from the equity of redemption.

---

FROM HAMILTON.

---

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

N. H. BURT for complainants.

DODSON & MOON for defendants.

COOPER, J., delivered the opinion of the court.

The principal object of this bill is to recover a lot of land in the city of Chattanooga, the title of both parties being derived from the defendant, A. D. Taylor.

On January 24, 1877, Nassauer & Lowenthal recovered a judgment before a justice of' the peace against A. D. Taylor for $45.10 and costs, which was stayed by Sallie R. Taylor, the debtor's daughter. On January 31, 1878, an execution issued upon this judgment was levied upon the lot in controversy as the property of A. D. Taylor. The papers in the cause were then returned into the circuit court, the land condemned, and an order of sale issued, under which on July 8, 1878, the land was sold to Nassauer & Lowenthal at the price of $65. On September 2, 1880, Nassauer & Lowenthal, for value received, assign in writing on the execution docket of the court to Sallie R. Whitesides, "all the right, title, claim and interest" in the above described property, vested in them by virtue of the sale. On September 8, 1880, the sheriff acknowledged the execution of a deed of the land to Nassauer & Lowenthal, the deed being dated the — day of August, 1880. After the sheriff's conveyance to them, Nassauer & Lowenthal conveyed the lot by deed to Sallie R. Whitesides, formerly Taylor, she having intermarried with the defendant, Vernon S. Whitesides. Previously, on August 27, 1878, A. D. Taylor, for value received, conveyed the lot in fee to his daughter, Sallie R. Whitesides, to her sole and separate use, with power to dispose of said lot as a *feme sole.* He warranted the title to the lot against all claims whatsoever except the claim of Nassauer & Lowenthal, and another attachment claim not necessary to be noticed.

On August 14, 1877, the complainants, as executors of F. G. Smith, deceased, recovered a judgment before

a justice of the peace against J. P. Hodges and A. D. Taylor, which was also stayed by Sallie ⅗R. Taylor, now Whitesides, the judgment having been revived against the husband. An execution issued upon this judgment was levied January 15, 1879, on the lot in controversy, as the property of Sallie R. Whitesides. The land was regularly condemned and sold under an order of sale from the circuit court on June 9, 1879, and bought by the complainants at the price of $305.43. And in November, 1881, the sheriff made them a deed accordingly.

The title of the purchaser of land sold by virtue of the levy of a justice's execution and an order of sale thereon, relates to the date of the levy: *Parker* v. *Swan*, 1 Hum., 80. And the levy of an execution only reaches the legal title of the judgment debtors in the land, not an equitable interest: *Birdwell* v. *Cain*, 1 Cold., 302. On January 15, 1879, when the execution of the complainants was levied on the lot as the property of Sallie R. Whitesides, the lot had been sold under the execution of Nassauer & Lowenthal as the property of A. D. Taylor, to whom it did in fact belong at the date of the levy of their execution, as well as at the date of the sale thereunder to them. Upon the sale of a debtor's land under execution, the whole equitable estate of the debtor is vested in the purchaser, with the right to call for the legal title, and the only right left in the debtor is to repurchase by redemption: *Mabry* v. *Churchwell*, 6 Heis., 417. If he fail to redeem within the time allowed by law, all his right is at an

end, and the title of the purchaser, as between him and the debtor, becomes absolute: *Reynolds* v. *Baker*, 6 Cold., 227. The sale alone gave the purchaser a right to the after-accruing rents, which has not been changed by statute if the land be not redeemed: *Kannon* v. *Pillow*, 7 Hum., 281; *Wright* v. *Williams*, 7 Lea., 700. The deed of the sheriff to Nassauer & Lowenthal would relate to the date of their levy: *Wood* v. *Turner*, 7 Hum., 517. Obviously, therefore, if there be nothing else in the case, at the date of the complainant's levy upon the lot as the property of Sallie R. Whitesides, the equitable estate in the lot was in Nassauer & Lowenthal with the right to demand from the sheriff a conveyance of the legal title, and Sallie R. Whitesides, under the conveyance from her father, had only an equity of redemption, which could not be reached by execution: *Hurt* v. *Reeves*, 5 Hayw., 50. And even if the naked legal title remained in A. D. Taylor, and passed by his conveyance to the daughter, the interest of the latter was not such as could be levied on by execution: *Thomas* v. *Walker*, 6 Hum., 93; *Henderson* v. *Hill*, 9 Lea, 25.

The argument of the learned counsel of the complainants is that Sallie R. Whitesides, at the date of the levy of his clients, had the legal title with the right of redemption, and that such an interest was leviable. But the law, as we have seen, is clearly otherwise. If A. D. Taylor had made no conveyance to his daughter, it would scarcely be contended that his interest could again be levied on by execution.

And, of course, he could not convey to his daughter any other title or interest than he himself had. A deed, under our system of conveyancing, passes only such interest in the land as the grantor had.

It is further argued that Sallie R. Whitesides, under the deed from her father, assumed to discharge or extinguish the claim of Nassauer & Lowenthal, and that having done so the legal title was cleared of the encumbrance. But the claim of Nassauer & Lowenthal formed no part of the recited consideration of the deed from father to daughter. The father simply declined to warrant against it. And if we treat the contract between the daughter and Nassauer & Lowenthal, evidenced by the transfer of September 2, 1880, and subsequent conveyance by them to her of the land, as a virtual redemption, the deed would not relate back to the date of the levy of the complainant's execution so as to vest her with a leviable title as of that date. Nor does the after required title inure to the benefit of the purchaser at the execution sale, for there is no warranty in such a case to create an estoppel: *Henderson* v. *Overton*, 2 Yer., 397; *Pratt* v. *Phillips*, 1 Sneed, 543.

It is also said that a sheriff's deed was necessary to carry the legal title to Nassauer & Lowenthal, and that the title was not perfected until registration. The deed was indispensable to pass the legal title, but the registration laws have no application to judicial sales, and the deed need not be registered: *Droomgoole* v. *Spence*, 1 Memph. L. J., 159; *Floyd* v. *Goodwin*, 8 Yer., 483; *Attorney-General* v. *Day*, 1 Ves., 218. It

Smith *v.* Taylor.

must be borne in mind moreover that it is only against the creditors of the grantor, not of the grantee, that registration is important. *Ocoee Bank* v. *Nelson,* 1 Cold., 193. And the execution of the sheriff's deed is of no importance, for the complainant's judgment-debtor had, as we have seen, no leviable interest in the lot at the date of the complainant's levy. Nor is the deed important to show an outstanding title, for the complainants must recover on the strength of their own title. They show neither a legal title nor such an equity as entitles them to divest the defendant of her legal title. They acquired nothing by their purchase, and cannot maintain the bill on any right then acquired.

The bill asks, in the event the principal relief is refused, that the satisfaction of the complainants' judgment be set aside, and that the lot be subjected to the satisfaction of the debt by sale, free from the equity of redemption. The defendants put in a general demurrer to the whole bill assigning as causes that the remedy was by action of ejectment at law, and that the action should have been brought by the heirs, not the executors of F. G. Smith. This demurrer was properly overruled, equity now having jurisdiction of an action of ejectment, and the title to both the land and the judgment, if any, being in the complainants. In their answer the defendants deny that the complainants are entitled to the alternative relief sought, because the statute prescribed the mode in which the satisfaction of the judgment may be set aside, which must be pursued. But it is well settled in this State

that equity had original jurisdiction to set aside the satisfaction of judgments in cases of this character, where no title was required by the sale, and that the jurisdiction is not taken away by the creation of a statutory remedy: *Henry* v. *Keyes,* 5 Sneed, 488; *Neal* v. *Read,* 7 Baxt., 333, 338; *Hayes* v. *Cartwright,* 6 Lea, 141. And having jurisdiction for this purpose will grant complete relief by selling the land in satisfaction of the revived judgment: *Smith* v. *Hinson,* 4 Heis. 250; *Hoyal* v. *Bryson,* 6 Heisk., 139. The bill asks for a sale in bar of redemption, and the complainant is entitled to a sale accordingly upon a credit of not less than six months nor more than two years: *Gibbs* v. *Patten,* 2 Lea, 180.

The chancellor's decree will be reversed, and a decree rendered here in accordance with this opinion. The land will be sold on a credit of twelve months, free from any equity of redemption, in satisfaction of the complainant's judgment, interest and costs, and cost of this cause.