IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 21, 2011

**GREG LANCE**
**v.**

**RANDALL YORK**, District Attorney General, 13th Judicial District

**Direct Appeal from the Chancery Court for Putnam County**
**No. 2009-340      Ronald Thurman, Chancellor**

_____

**No. M2010-01864-COA-R3-CV - Filed May 13, 2011**

_____

This is an appeal from the trial court's order dismissing Appellant's petition for access to public records under Tennessee Code Annotated Section 10-7-505. The trial court dismissed the petition upon its finding that: (1) the Appellee records custodian responded to Appellant's records request; (2) the fee charged to Appellant was reasonable and in compliance with those set by the open records counsel; and (3) Appellant had, in fact, received the records that he requested. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Greg Lance, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General, for appellee, Randall York, District Attorney General, 13th Judicial District.

**OPINION**

The Tennessee Public Records Act, Tennessee Code Annotated Section 10-7-501 *et seq.* (the "Act"), provides, in relevant part, that:

> (2)(A) All state, county and municipal records shall, at all times
> during business hours, which for public hospitals shall be during
> the business hours of their administrative offices, be open for

personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

(B) The custodian of a public record or the custodian's designee shall promptly make available for inspection any public record not specifically exempt from disclosure. In the event it is not practicable for the record to be promptly available for inspection, the custodian shall, within seven (7) business days:

> (i) Make the information available to the requestor;
> (ii) Deny the request in writing or by completing a records request response form developed by the office of open records counsel. The response shall include the basis for the denial; or
> (iii) Furnish the requestor a completed records request response form developed by the office of open records counsel stating the time reasonably necessary to produce the record or information.

Tenn. Code Ann. § 10-7-503(a)(2).

On July 7, 2009, Appellant Greg Lance, an inmate at the Southeastern Tennessee State Regional Correctional Facility, sent a public records request, pursuant to the foregoing statute, to Appellee Randy York, District Attorney General for the 13th Judicial District. By his request, Mr. Lance sought a copy of all documents in District Attorney York's possession regarding Mr. Lance's 1999 criminal conviction in Putnam County, Tennessee. Although Mr. Lance claims that District Attorney York's assistant replied to his request on July 10, 2009, and denied his request for photocopies of the criminal case, this reply letter is not contained in the record.

The record does contain a letter from District Attorney York, dated October 9, 2009. This letter explains that the records requested constitute approximately 7,500 pages of documents and that the fee for copying the records is $0.15 per page, or $1,125.00. The letter also states that the additional costs of labor and postage would bring the total cost to $1,212.16. The records that Mr. Lance requested were kept in paper-form only and were not available in electronic format.

On September 29, 2009, Mr. Lance filed this action in the Chancery Court for Putnam County. By his petition, Mr. Lance asserted that District Attorney York had denied him

access to the requested public records. District Attorney York filed an answer on April 7, 2010, stating that Mr. Lance would receive a copy of the requested documents upon payment of the reasonable copying, postage, and labor costs. District Attorney York's October 9, 2009 letter was attached to the answer.

On May 7, 2010, the trial court conducted a telephonic hearing, and determined that Mr. Lance was not entitled to any relief under the Tennessee Public Records Act, Tennessee Code Annotated Section 10-7-503. The court entered an order to this effect on May 14, 2010.

The parties subsequently agreed to vacate the court's May 14, 2010 order to allow Mr. Lance more time to submit additional information to the court. A subsequent hearing was held on July 22, 2010. At this hearing, Mr. Lance stated that his mother had paid for the requested documents and that he had received the records from District Attorney York's office. On August 2, 2010, the trial court entered a final order, dismissing Mr. Lance's petition. The trial court specifically held that Mr. Lance was not entitled to demand copies of the requested records for an amount lower than the reasonable copying charge established by the Tennessee Open Records Counsel, and as authorized in Tennessee Code Annotated Section 8-4-604. The court further found that, because Mr. Lance admitted that he had received the requested records, he was not entitled to any further relief.

Mr. Lance appeals and submits three issues for our review, which are as follows:

> 1. Whether the trial court correctly held that Appellee did not wrongfully withhold the public records sought by Mr. Lance, and did not violate the Public Records Act by charging Mr. Lance for copies of the requested documents?
>
> 2. Whether the public records requested by Mr. Lance were required to be electronically scanned and produced in digital format?
>
> 3. Whether the trial court correctly dismissed Mr. Lance's petition after Mr. Lance received the requested records?

We first note that we are cognizant of the fact that Mr. Lance is proceeding *pro se.* While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case

to the courts." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing ***Dozier v. Ford Motor Co.***, 702 F.2d 1189, 1194-95 (D.C. Cir. 1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. ***Hodges***, 43 S.W.3d at 920-21.

It is well settled that factual findings of the trial court are accorded a presumption of correctness, and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). With respect to legal issues, this court's review is conducted under a pure *de novo* standard of review. ***S. Constructors, Inc. v. Loudon County Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001). Mixed questions of law and fact are reviewed *de novo* with no presumption of correctness, but appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." ***Aaron v. Aaron***, 909 S.W.2d 408, 410 (Tenn. 1995).

The instant appeal requires us to review the trial court's interpretation of the Tennessee Public Records Act and its determination that it was not violated under the specific facts of this case. It is well settled that, in interpreting statutes, courts must "ascertain and give effect to the legislative intent without restricting or expanding a statute's coverage beyond its intended scope." ***Owens v. State***, 908 S.W.2d 923, 926 (Tenn. 1995). Issues involving construction of a statute and its application to facts involve questions of law. ***Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.***, 87 S.W.3d 67, 74 (Tenn. 2002). Therefore, the trial court's resolution of these issues is not entitled to the Tennessee Rule of Appellate Procedure 13(d) presumption of correctness on appeal. This Court will review these issues *de novo* and reach our own independent conclusions regarding them. ***King v. Pope***, 91 S.W.3d 314, 318 (Tenn. 2002).

Mr. Lance first argues that the trial court erred when it held that District Attorney York met his burden to show that the requested documents were not wrongfully withheld. Specifically, Mr. Lance contends that, because District Attorney York did not submit evidence in the form of live testimony or affidavits, he did not meet the required burden under Tennessee Code Annotated Section 10-7-505(c), *infra*.

As set out in full context above, the Act provides, in pertinent part that, "[a]ll state, county, and municipal records shall, at all times during business hours, ... be open for personal inspection by any citizen of this state ... unless otherwise provided by state law." Tenn. Code Ann. § 10-7-503(a)(2)(A).  The Act grants access to records of government agencies throughout the state. ***Cole v. Campbell***, 968 S.W.2d 274, 275 (Tenn. 1998). The purpose of the Act is to promote public oversight of governmental activities. ***Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.***, 87 S.W.3d at 74.  This Court has interpreted the legislative mandate of the Act to be very broad and to require disclosure of

government records even when there are significant countervailing considerations. ***Memphis Publ'g Co. v. City of Memphis***, 871 S.W.2d 681, 684 (Tenn. 1994).

The Act specifically places the burden for justification of nondisclosure of records on the party to whom the request is made:

> The burden of proof for justification of nondisclosure of records sought shall be upon the official and/or designee of the official of those records and the justification for the nondisclosure must be shown by a preponderance of the evidence.

Tenn. Code Ann. § 10-7-505(c).

Tennessee has established an expedited court procedure for reviewing and adjudicating disputes concerning access to records under the Act. Specifically, Tennessee Code Annotated Section 10-7-505(b) provides, in relevant part, that:

> Upon filing of the petition, the court shall, upon request of the petitioning party, issue an order requiring the defendant or respondent party or parties to immediately appear and show cause, if they have any, why the petition should not be granted. A formal written response to the petition shall not be required, and the generally applicable periods of filing such response shall not apply in the interest of expeditious hearings. The court may direct that the records being sought be submitted under seal for review by the court and no other party. The decision of the court on the petition shall constitute a final judgment on the merits.

As noted above, in his answer to Mr. Lance's petition, District Attorney York stated that he had informed Mr. Lance that copies of all requested documents would be given to Mr. Lance upon payment of the reasonable labor, copying, and mailing costs. In support of his answer, District Attorney York attached a copy of the October 9, 2009 letter he sent to Mr. Lance explaining the costs. In short, the record supports the trial court's finding that Mr. Lance's request was not, in fact, denied by District Attorney York; rather, the October 9, 2009 letter clearly stated that the records were available to Mr. Lance.

Concerning the charge for copies of the records, the Tennessee Legislature has mandated that the office of open records counsel shall establish "[a] schedule of reasonable charges that a records custodian may use as a guideline to charge a citizen requesting copies of public records pursuant to title 10, chapter 7, part 5." Tenn. Code Ann. § 8-4-

604(a)(1)(A). To this end, Tennessee Code Annotated Section 10-7-503(a)(7)(C) states that "[a] records custodian may require a requestor to pay the custodian's reasonable costs incurred in producing the requested material and to assess the reasonable costs in the manner established by the office of open records counsel pursuant to § 8-4-604." The Open Records Counsel has established and disseminated a "Schedule for Reasonable Charges for Copies of Public Records," a copy of which is included in the appellate record. This document states that a records custodian "may assess a charge of 15 cents per page for each...black and white copy produced." This document also outlines criteria for imposing labor and mailing costs for handling record requests. No evidence was presented demonstrating that the costs request by the District Attorney York in his letter to Mr. Lance exceeded the amounts allowable under either the statute or the open records counsel's recommendations.

Mr. Lance next asserts that District Attorney York did not comply with Tennessee Code Annotated Section 8-4-604(a)(1)(A)(ii)(d) when he refused to provide the requested documents in a scanned, electronic format. Tennessee Code Annotated Section 8-4-604(a)(1)(A)(ii)(d) provides that "the requestor be given the option of receiving information in any format in which it is **maintained by the agency**, including electronic format...." (emphasis added). Mr. Lance contends that District Attorney York could have provided the requested records at less costs if he had caused the records to be scanned and produced electronically rather than photocopied. In *Wells v. Wharton*, No. W2005-00695-COA-R3-CV, 2005 WL 3309651, at *9 (Tenn. Ct. App. Dec. 7, 2005), *perm app. denied* (Tenn. Aug. 21, 2006), this Court specifically held that the "Tennessee Public Records Act does not require a custodian of records to provide public records in the manner a citizen requests." Rather, we explained that:

> Section 10-7-506 of the Tennessee Code allows for citizens "to take extracts or make copies of public records ... and to make photographs or photostats of the same" and allows the custodian of those records "to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats." Tenn. Code Ann. § 10-7-506(a). This statute, however, does not mention the manner in which the custodian of the record may present the record to the citizen. *See Id*. § 10-7-506 (2005). In addition, section 10-7-121 of the Tennessee Code sets forth the requirements a custodian of records must meet if he or she decides to maintain the public records by computer. *Id*. § 10-7-121. Under this section, in order for a custodian to maintain a public record on computer, the custodian must be able to provide "a paper copy of the information when needed or when requested by a member of the public." *Id*. §

10-7-121(a)(1)(D). Further, the section provides that "[n]othing in this section shall be construed to require the government official to sell or provide the media upon which such information is stored or maintained." *Id*. § 10-7-121(a)(2).

*Wells*, 2005 WL 3309651 at *9.

Mr. Lance argues that *Wells* is no longer good law because the General Assembly effectively overruled the holding in *Wells* by adding Tennessee Code Annotated Section 8-4-604(a)(1)(A)(ii)(d). We find this argument unpersuasive. While we concede that Tennessee Code Annotated Section 8-4-604(a)(1)(A)(ii)(d) would prohibit an agency from denying a public records request to be provided in electronic form if those records were, in fact, already in electronic form, the statute does not, as Mr. Lance argues, go so far as to require the records custodian to convert paper records into electronic form. In this case, the records requested by Mr. Lance were in paper-form only; consequently, District Attorney York was only required to produce them in paper-form, i.e., photocopies.

As noted above, at the conclusion of the July 22, 2010 hearing, Mr. Lance announced that his mother had paid the costs requested in District Attorney York's letter, and that she had obtained the requested documents on his behalf. Mr. Lance now argues that the court should not have dismissed his petition because he was not "provided any of the requested records before or dur[]ing the hearing."

Having determined above that Mr. Lance's rights under the Public Records Act were not violated insomuch as District Attorney York properly responded to his request for records, notified him of the reasonable charges for the record, and provided those documents in the form in which they were maintained, and given the fact that Mr. Lance ultimately received these documents, we consider this issue moot. A case will be considered moot if it no longer serves as a means to provide some sort of relief to the party who may prevail or if it no longer presents a present, live controversy. *State v. Ely*, 48 S.W.3d 710, 717 n. 3 (Tenn. 2001); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). A case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998). Under the facts of this case, once Mr. Lance was provided copies of the records and had paid only the reasonable fees for their production, there was no further relief the court could have granted.

For the foregoing reasons, we affirm the order of the trial court, dismissing Mr. Lance's petition. Costs of this appeal are assessed to the Appellant, Greg Lance.

_____
J. STEVEN STAFFORD, JUDGE