IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 8, 2022 Session

**TIMOTHY WILSON v. TAWANA WILSON ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 20C669      Amanda J. McClendon, Judge**

---

**No. M2021-01307-COA-R3-CV**

---

In this appeal, we review the trial court's dismissal of the action upon its finding that it was an "abusive civil action," pursuant to Tenn. Code Ann. §§ 29-41-101 to -107, and res judicata. The appellee also seeks her attorney's fees for this appeal. Discerning no error in the judgment of the trial court, we affirm the dismissal of the suit as to the former wife and award her the attorney's fees she incurred defending this appeal. We remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Nicholas Morgan Daseler and Samuel Blink, Nashville, Tennessee, for the appellant, Timothy Wilson.

Lorraine Wade, Smyrna, Tennessee, for the appellee, Tawana Wilson.

Michael K. Atkins, Knoxville, Tennessee, for the appellees, Laurie Damewood and Compass Land Title, LLC.

**OPINION**

In this appeal, we are called upon to apply the Tennessee Abusive Civil Action Statutes, Tenn. Code Ann. §§ 29-41-101 to -107, which were enacted in 2018 and have not yet been interpreted or applied by the appellate courts of this State. A former husband, Timothy Wilson, brought a lawsuit against his former wife, Tawana Wilson, for conversion, based on her alleged forgery of his signature on a deed that conveyed real estate

she had owned since before their marriage. Ms. Wilson moved for dismissal pursuant to Tenn. Code Ann. §§ 29-41-101 to -107, where an "abusive civil action" is defined as:

> a civil action filed by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship[1] primarily to harass or maliciously injure the defendant and at least one (1) of the following factors are applicable:
>> (A) Claims, allegations, and other legal contentions made in the civil action are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;
>> (B) Allegations and other factual contentions made in the civil action are without the existence of evidentiary support; or
>> (C) Issue or issues that are the basis of the civil action have previously been filed in one (1) or more other courts or jurisdictions by the same, and the actions have been litigated and disposed of unfavorably to the plaintiff[.]

Tenn. Code Ann. § 29-41-101(1). The motion to dismiss was largely premised on the fact that Mr. Wilson had already unsuccessfully attempted to litigate the same matters in the parties' prior divorce.

Pertinent to the issues in this lawsuit are some key facts from the parties' divorce proceedings, which were recently affirmed by this Court in *Wilson v. Wilson*, No. M2019-01275-COA-R3-CV, 2021 WL 516980 (Tenn. Ct. App. Feb. 11, 2021). In the divorce, Mr. Wilson did not answer the complaint filed by Ms. Wilson, nor did he retain counsel or participate in the divorce proceedings until after the final decree was entered. *Id.* at *1. Only then did he file a motion to set aside the judgment and for a new trial on the basis that Ms. Wilson allegedly withheld his mail and forged his name on a warranty deed to transfer real property shortly before she filed the complaint for divorce. *Id.* at *1, *3. The divorce court heard that motion and denied it. *Id.* at *2. Mr. Wilson unsuccessfully appealed that denial. *Id.* at *3. This Court also affirmed the classification, valuation, and division of marital assets and the award of alimony. *Id.* at *1, *4-6.

While the appeal of the divorce proceedings was pending, Mr. Wilson filed the complaint in this action on March 17, 2020, naming as defendants Ms. Wilson, as well as Laurie Damewood, the notary public who notarized the deed, and Ms. Damewood's employer, Compass Land Title, LLC ("Compass"). He alleged causes of action for conversion against Ms. Wilson, civil conspiracy against Ms. Wilson and Ms. Damewood, negligence against Ms. Damewood, and vicarious liability against Compass based on

---

[1] A "civil action party relationship" exists when the parties are in a current or former marital, cohabiting, dating, sexual, familial, or adoptive relationship with each other. Tenn. Code Ann. § 29-41-101(5)(A)-(E).

allegations that Ms. Wilson forged Mr. Wilson's signature on a warranty deed, in conspiracy with the notary public. That deed, which was executed approximately a month before Ms. Wilson filed for divorce, transferred her interest in a piece of real estate located at 2727 Old Matthews Road in Nashville ("the property") that she acquired prior to the marriage and that remained titled in only her name. Mr. Wilson's complaint alleged that he had "substantially contributed to the preservation and appreciation of the property" during the course of the marriage, such that he had an interest in the property's increase in value over the course of the marriage and the proceeds resulting from its sale. He contended that the defendants' actions "prevented him from receiving his equitable share in the Property or the proceeds of the sale of the Property during the divorce proceedings."

Ms. Wilson answered the complaint, denying liability, and asserted numerous affirmative defenses including waiver, estoppel, laches, unclean hands, res judicata and collateral estoppel, and the statute of limitations. Her answer sought dismissal of the action pursuant to Tenn. R. Civ. P. 12 for failure to state a claim because "this action . . . has no merit as Defendant should have made these claims in the divorce" and Tenn. R. Civ P. 11 sanctions for Mr. Wilson's action of "fil[ing] a frivolous lawsuit . . . as these claims were raised in a prior proceeding that is currently up on Appeal in the divorce action." Ms. Damewood and Compass filed a joint answer as well, denying liability and asserting numerous affirmative defenses, including that "Plaintiff's signature was not required to be on the warranty deed in order for Defendant Tawana Wilson to convey the property since the property was in her name only as the sole owner."

Ms. Wilson sought a stay of the action until a decision was rendered by this Court in the appeal of their divorce, arguing that "the issues presented in that appeal are directly related to the issues in this case as it relates to Mr. Wilson's right to have an interest in the real property in question." The trial court granted the stay. After this Court affirmed the divorce proceedings in all respects, the stay was lifted pursuant to an agreed order.

Ms. Wilson then filed a motion to dismiss Mr. Wilson's complaint pursuant to Tenn. Code Ann. §§ 29-41-101 to -107, contending that it was an abusive civil action and also that the doctrine of res judicata warranted its dismissal. With her motion, she filed numerous exhibits consisting of the pleadings and filings from the parties' divorce, as well as her own sworn affidavit in which she detailed Mr. Wilson's harassing actions before and since the entry of the divorce decree.

Mr. Wilson responded in opposition and filed his own declaration, in which he asserted that he "did not find out that [his] signature had been forged on the deed to 2727 Old Mat[t]hews Road until after Tawana Wilson handed [him] the final decree of divorce on June 11, 2019." He also stated that he had "never hit Tawana Wilson" or abused her or threatened to put her in jail, though he did tell her "that everyone who is involved [with the alleged forgery] will be prosecuted."

The trial court set the matter for a hearing and subsequently entered a memorandum opinion and separate order, in which it granted Ms. Wilson's motion to dismiss Mr. Wilson's civil action against her "pursuant to Tenn. Code Ann. §§ 29-41-101 et seq." and the doctrine of res judicata. The trial court held that "Mr. Wilson had the opportunity in the divorce proceedings to factually demonstrate his entitlement to the increased value of the Property and its proceeds and any fraudulent conveyance he believes occurred," so the trial court "would not offer [him] another opportunity" to do so." The court also awarded Ms. Wilson her requested attorney's fees and costs.

Mr. Wilson filed a motion to revise the order, arguing that the action should not be dismissed, as it "does not qualify as an abusive civil action and because there are disputed material facts regarding the application of res judicata." To the motion to revise, he attached Ms. Damewood's interrogatory responses, in which she stated that Mr. Wilson's signature was required by the title insurance underwriter. In his accompanying memorandum of law, Mr. Wilson argued that the issues in the present lawsuit were not part of the divorce action, and therefore could not support a finding that they had been previously litigated, as required by Tenn. Code Ann. § 29-41-101(1)(C) or the doctrine of res judicata. Mr. Wilson also argued that because the suit did not fit the definition of an abusive civil action, it could only be otherwise subject to dismissal on the basis of a motion for judgment on the pleadings or a motion for summary judgment, and, in light of his allegation "that he did not find out about the forgery until after the divorce," a question of material fact had been presented as to whether res judicata applied, preventing dismissal. Mr. Wilson alternatively sought to have the court revise its order to direct entry of a final judgment as to Ms. Wilson only and also to grant him permission to file an interlocutory appeal of the court's order.

The trial court denied Mr. Wilson's motion, concluding that "there was no error made" in its prior order and certifying that the order was final as to Tawana Wilson pursuant to Tenn. R. Civ. P. 54.02. Mr. Wilson has appealed.

I.     ISSUES PRESENTED

Mr. Wilson raises the following issues for our review:

1.  Did the trial court err in finding that Appellant is not entitled to equitable division of proceeds from the sale of marital property?
2.  Did the trial court err in finding Appellant liable for Appellee Tawana Wilson's attorney's fees for abusi[ve] civil action pursuant to [Tenn. Code Ann. §] 29-41-106?

In the posture of Appellee, Ms. Wilson raises the following issues on appeal:

1.  Should the doctrine of unclean hands be applied against Mr. Wilson in this case?

- 4 -

2. Should the Appellant's brief be dismissed due to his failure to comply with TRAP 27(a) in that the statement of facts does not cite to the record and contains facts that are not in the record?
3. Should this court make Mr. Wilson pay for Ms. Wilson's attorney's fees for this appeal pursuant to T.C.A. 27-1-122 et. seq. and caselaw?

## II. ANALYSIS

### A. Appellant's Brief

As an initial matter, we address the second issue Ms. Wilson raises, whether we should dismiss the appeal for Mr. Wilson's failure to comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure.

Rule 27(a) requires that the appellant's brief contain a statement of facts, "setting forth the facts relevant to the issues presented for review with appropriate references to the record" and an argument, which sets forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." TENN. R. APP. P. 27(a)(6), (7)(A); *see also* R. TENN. CT. APP. 6(b) ("No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.").

Mr. Wilson's brief contains no citations to the record in either the statement of the facts or in the argument section of his brief. For example, in arguing that his lawsuit did not constitute an abusive civil action as defined by Tenn. Code Ann. § 29-41-101(1)(A), he relies on the following "facts":

> It is not certain that participation in the divorce proceeding would have revealed the forgery in the alienation of the Property. Merely having the opportunity to discover a hidden injury through participation in the divorce proceedings should not be a bar to later recovery *when discovery of that injury, in fact, did not take place.*

(Emphasis added). These statements are not supported by citation, in violation of Tenn. R. App. P. 27(a)(6), (7)(A) and R. Tenn. Ct. App. 6(b). And they are not supported by the

record itself, as they are false[2] and are contradicted by Mr. Wilson's own pleadings in the instant case.[3]

As an additional example, in explaining how Tenn. Code Ann. § 29-41-101(1)(B) is inapplicable to this case, Mr. Wilson's sole argument is that he had retained a handwriting expert to illustrate discrepancies between the forged signature and an authentic signature, but that Ms. Wilson's motion to dismiss was granted before he had the opportunity to present such evidence of forgery. Again, he fails to cite to the record where proof, by way of an affidavit, notice of deposition, disclosure of an expert, or otherwise, can be found to substantiate his claim that he retained such an expert or that he had called it to the attention of the court.

When a party fails to include references to the record to substantiate their view of the facts, "[t]his Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in their brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000); *see also Mabry v. Mabry,* No. 03A01-9106CH207, 1992 WL 24995, at *1 (Tenn. Ct. App. Feb. 14, 1992) ("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."); *Coleman v. Coleman*, No. W2011-00585-COA-R3CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015) ("'[J]udges are not like pigs, hunting for truffles buried in briefs.'") (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Mr. Wilson "cannot expect this [C]ourt to do [his] work for [him]." *Bean,* 40 S.W.3d at 56. While we decline to dismiss the appeal outright on the basis of Mr. Wilson's violations of Tenn. R. App. P. 27, the deficiencies of his brief impede our review of the issues he attempts to raise.

B.  Equitable Division of Property

The first issue Mr. Wilson raises on appeal—whether he had an equitable interest in the property—is nothing more than an attempt to relitigate the classification and division of the parties' assets in the prior divorce proceedings, as the legal authority he relies on to support his position is the statute governing the division of marital assets, i.e., Tenn. Code Ann. § 36-4-121.

That statute defines "separate property" to include "[a]ll real and personal property owned by a spouse before marriage" as well as "[i]ncome from and appreciation of property

---

[2] As the evidence in the record clearly demonstrates, Mr. Wilson became aware of the purported forgery and brought it to the divorce court's attention in his motion to alter or amend the final decree. He even attached the allegedly forged deed to that motion as an exhibit.

[3] For example, in the "Reply in Support of Motion to Revise Order" he filed in this case, Mr. Wilson stated that his motion to set aside the final decree of divorce, which had been filed in the divorce action on June 24, 2019, "was the first time that Mr. Wilson raised the issue of the forged deed in the divorce proceedings."

owned by a spouse before marriage" unless each party substantially contributed to its preservation and appreciation, in which case the income and appreciation in value is treated as marital property. Tenn. Code Ann. § 36-4-121(b)(2)(A), (C); (b)(1)(B)(i). These statutes make clear that "income from or appreciation of premarital separate property is presumed to be separate *unless* it meets any of the criteria of subsection (b)(1) or another statutory or common law provision." *Snodgrass v. Snodgrass*, 295 S.W.3d 240, 247 (Tenn. 2009). Thus, an increase in the value of separate property that occurs during the marriage may be deemed marital property "if each party substantially contributed to its preservation and appreciation." Tenn. Code Ann. § 36-4-121(b)(1)(B)(i). It is the function of the court adjudicating a divorce to classify property as separate versus marital and to hear and assess evidence of the substantial contributions of a spouse to the preservation and appreciation of an asset that is the other spouse's separate property. *Id*. § 36-4-121(a)(1). This is not a divorce action. It is a tort action, and Mr. Wilson's attempts to invoke the domestic relations statutes to support his claim for conversion are misguided.

While Mr. Wilson's brief contains statements that he "helped manage" the property during the marriage "to preserve the investment," which "contributed to the Property's upkeep and appreciation in value," those statements are, unsurprisingly, not supported by citation to the record. Our own review of the record reveals no substantive proof that could support them or the assertion in his complaint that he had "substantially contributed to the preservation and appreciation of the property" during the course of the marriage.

What the record does makes clear is that, in the divorce proceedings, he raised the issue of the purported forgery of the deed to the property, stating in his motion to set aside the default judgment that he had "recently discovered that his name had been forged to a Warranty Deed for a property that the parties had previously resided in." He attached the allegedly fraudulent deed, which identified the property as being titled in only Ms. Wilson's name, but failed to put forth proof of the increase in value of the property or what significant contributions he may have made to the property's upkeep and maintenance so as to demonstrate his entitlement to a share of the increase in value. The divorce court noted that Mr. Wilson had "failed to meet his burden" and thus denied the motion, a decision this Court affirmed. The trial court in this case determined that Mr. Wilson has already had the opportunity to litigate the classification and division of marital assets in the divorce proceeding, and we agree. He is not permitted another bite at the apple. We deem the first issue Mr. Wilson raises—whether the trial court erred in finding that he was not entitled to equitable division of the proceeds from the sale of the property—to be without merit.

C. Abusive Civil Action

The trial court dismissed Mr. Wilson's complaint against Ms. Wilson on the basis that it was an abusive civil action pursuant to Tenn. Code Ann. §§ 29-41-101 to -107. Our review of that decision requires us to apply a statute to the facts, presenting a mixed question of law and fact, and is thus reviewed de novo, with no presumption of correctness

- 7 -

accorded to the trial court's decision. *Lance v. York*, 359 S.W.3d 197, 201 (Tenn. Ct. App. 2011). In this type of review, appellate courts have "'great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal.'" *Id.* (quoting *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995)).

As we have previously stated in this opinion, an "abusive civil action" is defined as:

a civil action filed by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship primarily to harass or maliciously injure[4] the defendant and at least one (1) of the following factors are applicable:
     (A) Claims, allegations, and other legal contentions made in the civil action are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;
     (B) Allegations and other factual contentions made in the civil action are without the existence of evidentiary support; or
     (C) Issue or issues that are the basis of the civil action have previously been filed in one (1) or more other courts or jurisdictions by the same, and the actions have been litigated and disposed of unfavorably to the plaintiff[.]

Tenn. Code Ann. § 29-41-101(1). The defendant in such an action may then assert, by either answer or motion, that the action constitutes an abusive civil action, which then requires the trial court to conduct a hearing to determine the merit of the defendant's allegations. Tenn. Code Ann. § 29-41-104. At that hearing, the court must hear all relevant testimony and may require affidavits, documentary evidence, or other records the court deems necessary. *Id.* Evidence that "the same or substantially similar issues between the same or substantially similar civil action parties" have been litigated within the past five years in another court and dismissed on the merits or with prejudice against the civil action plaintiff creates a rebuttable presumption that the action is an abusive civil action. *Id.* § 29-41-105(1).[5] Upon a finding by a preponderance of the evidence that the action is an abusive

_____

[4] There are numerous ways to "harass or maliciously injure" the defendant; pertinent to this case, that term is defined as being "filed with the intent or [] primarily designed to . . . [e]xhaust, deplete, impair, or adversely impact the civil action defendant's financial resources[, or to] . . . [f]orce, coerce, or attempt to force or coerce the civil action defendant to agree to or make adverse concessions concerning financial . . . or other issues when the issues in question have been previously litigated and decided in favor of the civil action defendant[, or to i]mpair, or attempt to impair[,] the health or well-being of the civil action defendant." Tenn. Code Ann. § 29-41-101(6)(A), (C), (E).

[5] The civil action defendant can also put forth evidence that the plaintiff has filed a complaint against the defendant based on the same issues before a regulatory or licensing board and that the complaint was dismissed after a hearing; that the plaintiff has been sanctioned under Tenn. R. Civ. P. 11 or a similar law

civil action, the action shall be dismissed, and the plaintiff shall have to pay costs and attorney's fees and be subjected to prefiling restrictions. *Id*. § 29-41-106(a)-(b).

Tracking the language of Tenn. Code Ann. §§ 29-41-105(1)[6] and 29-41-101(1)(C), Ms. Wilson argued in her motion to dismiss that "the same or substantially similar issues between the same or substantially similar civil action parties that are the subject of the alleged abusive civil action have been litigated against the civil action defendant within the past five (5) years in another court." She then discussed the divorce litigation in which Mr. Wilson alleged that his name was forged on a warranty deed for the property at issue. She attached as exhibits to her motion the pertinent portions of the record in the divorce proceedings as well as her affidavit, which she swore to under penalty of perjury. In that affidavit, she described Mr. Wilson's physically abusive behavior prior to the divorce and his threatening and intimidating behavior since then, including "yell[ing] at [her] and threaten[ing] that if [she] did not give him back his properties, he was going to put [her] in jail" and telling her that she was "going to jail for forging his signature." She also stated that she "told him that [she] did not forge his signature."

In response, Mr. Wilson filed his own sworn declaration, in which he asserted that he "did not find out that [his] signature had been forged on the deed to 2727 Old Mat[t]hews Road until after Tawana Wilson handed [him] the final decree of divorce on June 11, 2019." He also stated that he had "never hit Tawana Wilson" or abused her or threatened to put her in jail, though he did tell her "that everyone who is involved [with the alleged forgery] will be prosecuted." He argued that dismissal was unmerited because the property "was never part of the marital estate and was never part of the divorce action" and therefore, he did not have the opportunity to fully and fairly litigate the allegedly fraudulent transfer of the property. The trial court disagreed with Mr. Wilson and dismissed the action as to Ms. Wilson.

In determining whether the trial court properly dismissed Ms. Wilson from Mr. Wilson's lawsuit pursuant to Tenn. Code Ann. §§ 29-41-101 to -107, we note that the trial court did not state which specific portion of the civil abuse action statute warranted

---

for filing frivolous, vexatious, or abusive civil action(s) against the same defendant involving the same or substantially similar issues in the past ten years; or that a court of record in another judicial district has determined that a civil action filed against the defendant was an abusive civil action and is under or has been under prefiling restrictions in that judicial district. *See* Tenn. Code Ann. § 29-41-105(2)-(4).

[6] Tennessee Code Annotated section 29-41-105(1) reads:

> The same or substantially similar issues between the same or substantially similar civil action parties that are the subject of the alleged abusive civil action have been litigated against the civil action defendant within the past five (5) years in another court within the judicial district or another judicial district and the actions were dismissed on the merits or with prejudice against the civil action plaintiff[.]

dismissal, nor did the court make clear whether evidentiary proof in the form of testimony or otherwise was received at the hearing it held on the motion to dismiss. Mr. Wilson has not included a transcript or statement of the evidence of any proof adduced at that hearing. Therefore, we conclusively presume that there was sufficient evidence before the trial court to support its judgment. *Scarbrough v. Scarbrough*, 752 S.W.2d 94, 97 (Tenn. Ct. App. 1988) ("When the trial court hears the evidence, but the evidence is not included in the record on appeal, it is presumed that the evidence supports the ruling of the trial court.") (citing *Turner v. Turner*, 739 S.W.2d 779, 780 (Tenn. Ct. App. 1986)); *see also McKinney v. Educator & Exec. Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977). We observe that neither party challenges the factual findings of the court, and upon our review of the record, specifically the proof filed by the parties that was before the court at the time it rendered its decision, we conclude that they are supported by a preponderance of the evidence.

The evidence is undisputed that the parties are former spouses; thus, they have a "civil action party relationship." Tenn. Code Ann. § 29-41-101(5)(A).[7] Ms. Wilson's proof supporting her motion to dismiss included many pleadings and materials from the divorce proceedings, which demonstrate that in both the divorce action and the present one, Mr. Wilson raised the issue of the forged deed, though he has couched it as a cause of action for "conversion" in this suit. The proof set forth by Ms. Wilson also makes clear that Mr. Wilson and Ms. Wilson were both parties to the divorce litigation and to this litigation. The 2019 divorce decree and Mr. Wilson's post-trial motion and the divorce court's ruling on that motion show that the matter has been litigated within the past five years in the Fourth Circuit Court of Davidson County, a different court than the one in which Mr. Wilson filed the present action. The divorce court dismissed Mr. Wilson's motion to alter or amend and declined to alter the divorce decree when Mr. Wilson raised the issue of the allegedly forged deed, and the divorce court's judgment was affirmed by this Court on appeal and is now final. Accordingly, the evidence demonstrates that the four requirements of Tenn. Code Ann. § 29-41-105(1) are met, in that: (1) the same or substantially similar issues (2) between the same or substantially similar parties (3) have been litigated within the past five years in another court and (4) were dismissed on the merits or with prejudice against the civil action plaintiff. Thus, Ms. Wilson created a rebuttable presumption that the action was an abusive civil action and should be dismissed.

---

[7] Ms. Damewood and Compass do not share a civil party relationship with Mr. Wilson, as that term is defined in Tenn. Code Ann. § 29-41-101(5). Accordingly, the action cannot constitute an "abusive civil action" as to them, Tenn. Code Ann. § 29-41-102, and cannot be dismissed on that basis. Indeed, the order being reviewed does not adjudicate the causes of action against Ms. Damewood and Compass at all, and our review is limited to whether the trial court properly dismissed the complaint as to Ms. Wilson. While Ms. Damewood and Compass have filed a brief on appeal stating that they wish to join in Ms. Wilson's brief and also seek their attorney's fees, we decline to consider their requests, as there are still causes of action pending against them in the trial court.

We now examine the proof Mr. Wilson put forth that would rebut that presumption. He submitted his own one-page affidavit in which he stated that he "did not find out that [his] signature had been forged on the deed to 2727 Old Mat[t]hews Road until after Tawana Wilson handed me the final decree of divorce on June 11, 2019"; that he had "never hit" and "never abused" Ms. Wilson; that he had never threatened to put Ms. Wilson in jail; and that "[a]fter [he] learned of the forgery, [he] told [Ms. Wilson] that everyone who is involved will be prosecuted." This evidence fails to overcome the presumption; his affidavit does not provide evidentiary support for his argument that the alleged forgery was not litigated in the divorce decree. His affidavit only establishes when he learned of it but does not address the fact that he raised the purported forgery to the divorce court in his motion to set aside the default judgment. Even the interrogatory response of the notary public that he subsequently filed (as an exhibit to his motion to revise the court's order dismissing the lawsuit against Ms. Wilson) does not assist him. His motion to revise fails to explain why the notary public's interrogatory response is relevant. But, buried in his accompanying memorandum of law was the following explanation:

> In addition to the legal issues above, the Court was also mistaken when it found that the Property was not subject to Mr. Wilson's consent for sale. Mr. Wilson alleged in his Complaint that "[t]he transfer of the Property would not have been completed but for the forged signature on the warranty deed and the notarization of Defendant Damewood." This fact was confirmed by Ms. Damewood in her interrogatory responses when she stated that the title insurance underwriter required Mr. Wilson's signature on the deed transferring the Property. Ms. Damewood further stated that "[i]n the case of conveyance of property where there is a non-vested spouse, signature of non-vested spouse is required in order to convey any potential homestead/marital interest the non-vested spouse may have in the subject property." Because Ms. Wilson could not have transferred the Property without Mr. Wilson's consent, the Property would have remained in her name had she not forged Mr. Wilson's signature, and the Property would have been subject to equitable distribution in the divorce. Ms. Wilson's actions therefore constitute an intentional tort, and Mr. Wilson should be compensated for that wrongful action.

(Citations omitted.)

Respectfully, Mr. Wilson's argument that "Ms. Wilson could not have transferred the Property without Mr. Wilson's consent" is flawed. The notary public's interrogatory states that Mr. Wilson's signature was required by the title insurance underwriter to "convey any *potential* homestead, marital interest the non-vested spouse *may* have in the subject property." (Emphasis added.) While certainly a reasonable requirement by the title insurance underwriter to foreclose any potential issues with the chain of title in the future, Ms. Wilson remained the sole title holder of the property, and she alone possessed the

power to convey it. *See* 63C AM. JUR. 2D *Property* § 31 (2022) ("The primary incidents or elements of ownership [of property] include . . . the right to alienate the property at will."). Even if he had proven his interest in the increase in the value of the property, there was still no need for Mr. Wilson to consent to the sale in order for it to be effective. *See id*. § 43 ("As a matter of general property law, one who does not hold title to property or is not acting within his or her scope as an agent for the owner cannot pass or transfer title to that property."); *see also Smith v. Taylor*, 79 Tenn. 738, 742 (Tenn. 1883) (observing that one cannot convey to another "any other title or interest than he himself had" in a piece of real property). Even had the property not been conveyed prior to the divorce, any increase in value of the property would have been presumed to be Ms. Wilson's separate property as well, unless and until Mr. Wilson put forth proof of his specific substantial contributions to the maintenance and upkeep of the property that resulted in an increase in its value. Tenn. Code Ann. § 36-4-121(b)(2)(A), (C); (b)(1)(B)(i); *Snodgrass*, 295 S.W.3d at 247. Mr. Wilson put up no such proof in the divorce court. And in this action, he made only two bald assertions in his complaint that he "substantially contributed to the preservation and appreciation of the Property" through "his actions to improve the Property during the marriage." Ms. Damewood's interrogatory response does not overcome the fact that Mr. Wilson brought up this alleged forgery to the divorce court but failed to put forth any proof of his contributions to the preservation and appreciation of the property that would demonstrate his entitlement to a share of the increase in value of this separate property. This matter has been litigated and resolved in favor of Ms. Wilson.

We conclude that Ms. Wilson established a rebuttable presumption that this action was an abusive civil action pursuant to Tenn. Code Ann. § 29-41-105(1) and that Mr. Wilson's proof did not overcome that presumption. On the basis of the record before us, we conclude that Mr. Wilson's actions in attempting to relitigate the transfer of the property at 2727 Old Matthews Road were taken to harass or maliciously injure Ms. Wilson. The trial court did not make a finding in this regard, but Mr. Wilson's affidavit demonstrates his desire to "prosecute" Ms. Wilson, which resulted in an adverse impact to her financial resources by requiring her to litigate this matter, which had already been settled by the divorce proceedings. Ms. Wilson stated in her affidavit that Mr. Wilson attempted to interact with her on the pretense of discussing their daughter and that he continued to threaten Ms. Wilson with jail time, all of which negatively impacted her well-being.

We conclude that the trial court properly dismissed the lawsuit as an abusive civil action pursuant to Tenn. Code Ann. § 29-41-101(1)(C) and properly awarded Ms. Wilson her fees and costs, pursuant to Tenn. Code Ann. § 29-41-106(a) and (b). We affirm the trial court's judgment in this regard.

D. Res Judicata

Ms. Wilson also argued that the doctrine of res judicata applied, and the trial court agreed and dismissed the action on that basis. That doctrine, which is "also referred to as

- 12 -

claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Res judicata prevents plaintiffs "from fragmenting their accrued claims by litigating part of them to a final judgment and then filing a second suit against the same defendant on alternate claims or theories." *Lowe v. First City Bank of Rutherford Cty.*, No. 01-A-01-9305-CV00205, 1994 WL 570082, at *3 (Tenn. Ct. App. Oct. 19, 1994). "It is a 'rule of rest'" that "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976) (other citations omitted)). The defense must be pled in the answer. *Id.* (citing TENN. R. CIV. P. 8.03). The party asserting this defense must demonstrate: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Id.* (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). We review a trial court's decision regarding the application of res judicata de novo without a presumption of correctness, as it presents a question of law. *Napolitano v. Bd. of Prof'l Resp.*, 535 S.W.3d 481, 496 (Tenn. 2017).

The elements of res judicata are substantially similar to the requirements of Tenn. Code Ann. § 29-41-105(1), which Ms. Wilson invoked in this case. There is no dispute that the first and second elements of res judicata are met. The evidence Ms. Wilson filed included the final decree, which demonstrates on its face that it was rendered by the circuit court, a court with competent jurisdiction in domestic relations matters. Mr. Wilson and Ms. Wilson were both parties to the divorce litigation and to this litigation. Mr. Wilson attempts to refute that the third and fourth elements are met by arguing the property "was never part of the marital estate and was never part of the divorce action" and therefore, he did not have the opportunity to fully and fairly litigate the allegedly fraudulent transfer of the property. However, the fact that the divorce decree was in essence a default judgment due to Mr. Wilson's failure to appear or participate does not preclude the operation of the doctrine of res judicata in this case. *See Lawhorn v. Wellford*, 168 S.W.2d 790, 792 (Tenn. 1943) ("A judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings, and such issues cannot be relitigated in any subsequent action between the parties or their privies.") (quoting *Taylor v. Sledge*, 75 S.W. 1074, 1075 (Tenn. 1903)). As discussed above, Mr. Wilson raised the issue of the forgery of the deed to the divorce court in his post-trial motion but failed to substantiate his claim. In this action, he has asserted a cause of action against Ms. Wilson for conversion due to the alleged forgery. So, in both actions, Mr. Wilson has asserted forgery. The divorce decree was affirmed by this Court on appeal and is now final. Accordingly, all four elements of the doctrine of res judicata are met. Mr. Wilson has failed to put forth sufficient proof to

the contrary, and we conclude that the trial court properly dismissed the action on this alternative ground as well.

### E.  Unclean Hands

Ms. Wilson asks that Mr. Wilson's appeal be dismissed pursuant to the doctrine of unclean hands.  The doctrine of unclean hands is "based on the principles that he who seeks equity must do equity and that he who has done inequity cannot have equity"; when it applies, "it provides the court with a basis to decline to grant relief to parties who have willfully engaged in unconscionable, inequitable, immoral, or illegal acts with regard to the subject matter of their claims." *In re Estate of Boote*, 265 S.W.3d 402, 417 (Tenn. Ct. App. 2007) (citations and footnote omitted). While Ms. Wilson asserted in her answer the defense of unclean hands among several other equitable defenses, she concedes that Mr. Wilson's "actions in this case do not amount to unclean hands." Nevertheless, she wishes us to decline his request for relief on appeal based on his actions in the prior divorce proceeding. The trial court did not rule upon this defense, as Ms. Wilson did not raise it in her motion to dismiss. Accordingly, there is nothing for us to review, and we decline to address this issue.

### F.  Attorney's Fees

Ms. Wilson seeks her attorney's fees incurred in this appeal.  The American Rule provides that "a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American Rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005)). Ms. Wilson argues that she is entitled to recover her attorney's fees on the basis of the frivolous appeals statute, Tenn. Code Ann. § 27-1-122.[8] Such an award is within our discretion. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985). The near-total lack of legal authority or citation to the record in Mr. Wilson's brief has certainly yielded an appeal with no reasonable chance of success.  Therefore, we grant Ms. Wilson's request for attorney's fees pursuant to Tenn. Code Ann. § 27-1-122.

We also construe the abusive civil action statute itself to provide a basis for an award of Ms. Wilson's attorney's fees in this appeal. Tennessee Code Annotated section 29-41-

---

[8] Tennessee Code Annotated section 27-1-122 reads:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

106 provides that when a trial court concludes that an action is an abusive civil action, the court shall dismiss the action and "[a]ward the civil action defendant reasonable attorney fees and all reasonable costs of defending the abusive civil action." Tenn. Code Ann. § 29-41-106(a), (b)(2). Although section 29-41-106 does not expressly provide for attorney's fees incurred on appeal, our Supreme Court has explained that "legislative provisions for an award of reasonable attorney's fees need not make a specific reference to *appellate* work to support such an award where the legislation has broad remedial aims." *Killingsworth v. Ted Russell Ford*, 205 S.W.3d 406, 409 (Tenn. 2006) (citing *Forbes v. Wilson Cty. Emergency Dist. 911 Bd.*, 966 S.W.2d 417 (Tenn. 1998)).

Though the civil abuse action statutes do not include a statement of purpose or intent, we conclude that they have broad remedial aims because they are designed to give those suffering "'a litigious form of domestic assault'" a way to end the litigation and curb future filings by the abusive civil action plaintiff. Sheila Burke, *New State Law Seeks to Stop 'Stalking By Way of Courts,'* ASSOCIATED PRESS NEWS (June 25, 2018), https://apnews.com/article/0249e6d67b1d419b9787cb6adb297cb7 [https://perma.cc/T43A-GRJC]. We conclude that the Tennessee Abusive Civil Action statutes allow for an award of reasonable attorney's fees incurred on appeal when the court dismisses an action pursuant to a motion or petition filed under this chapter and that such fees are requested in an appellate pleading. Because we conclude that Mr. Wilson's action was properly dismissed against Ms. Wilson pursuant to Tenn. Code Ann. § 29-41-106, and because Ms. Wilson has requested her appellate fees in this case, she is entitled to her attorney's fees on this alternative basis as well. We remand this matter to the trial court to determine the proper amount of reasonable fees incurred by Ms. Wilson on appeal.


III.   CONCLUSION


The judgment of the trial court is affirmed, and the case is remanded for further proceedings in accordance with this opinion. Costs of this appeal are assessed against the appellant, Timothy Wilson, for which execution may issue if necessary.


_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE

- 15 -