IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2025

## ALTON EARL INGRAM v. LISA MARIE GLODE

**Appeal from the Circuit Court for Wilson County**
**No. 2023-CV-32     Michael Wayne Collins, Judge**

_____

**No. M2025-01044-COA-T10B-CV**

_____

The appellant filed an accelerated interlocutory appeal from the trial court's denial of a recusal motion pursuant to Tennessee Supreme Court Rule 10B. However, the trial judge has presented this case to the presiding judge of his district, pursuant to local rule, for another judge to hear the matter by interchange. Thus, we determine that the appellant's Rule 10B appeal is moot and dismiss the appeal.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Alton Earl Ingram, Nashville, Tennessee, pro se.

Tiffany Dawn Hagar and Isaac A. Wilson, Lebanon, Tennessee, for the appellee, Lisa Marie Glode.

## MEMORANDUM OPINION[1]

### I.   FACTS & PROCEDURAL HISTORY

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On April 7, 2025, Appellant Alton Ingram filed a pro se motion to recuse the trial judge in this case, Judge Michael Collins. Appellant alleged a long pattern of conduct, dating back to December 2023, that he asserted "would lead a person of ordinary prudence, knowing all the facts, to reasonably question the Court's impartiality." Thus, Appellant asked Judge Collins to recuse himself and requested that "the case be reassigned in accordance with applicable rules and procedures."

The defendant, Lisa Glode, filed a response in opposition to the recusal motion. She asserted that it should be denied because it was not promptly filed, it did not comply with the technical requirements of Rule 10B, and in any event, it lacked merit substantively. Appellant then filed a reply.

The trial judge held a hearing on the recusal motion on May 28 and announced his oral ruling. Judge Collins explained that he found no merit in the recusal motion, and therefore, it would be denied. He discussed various specific allegations in the motion and explained why each one lacked merit. Judge Collins found no basis in fact or in law for recusal. However, Judge Collins acknowledged that Appellant was convinced that he was not "getting a fair shake." As a result, Judge Collins announced that he would present the case to the presiding judge of his district for reassignment and hearing by another judge by interchange.[2] He cited Local Rule 2.01 of the Fifteenth Judicial District, which provides:

> **Sec. 2.01. Interchange of Judges.** When necessary for the efficient administration of justice, a chancellor or judge may hear and determine any matter by interchange for another chancellor or judge without the necessity of transferring the case from one court to another. A chancellor or judge may hear or determine any matter by interchange for any other chancellor or judge.

Judge Collins explained that the presiding judge would reassign the case either to another judge in the district or to a judge through the Administrative Office of the Courts. He explained to Appellant that this would allow "a fresh set of eyes to review the matter." The trial judge entered a written order to this effect on June 25, 2025. On July 15, 2025, Appellant filed a petition for accelerated interlocutory appeal in this Court.[3]

---

[2] "[O]ur interchange framework . . . authorizes judges from other courts to sit by interchange in a court with subject-matter jurisdiction when the original judge cannot preside over the matter for whatever reason." *In re Estate of Ellis*, No. W2019-02121-COA-R3-CV, 2020 WL 7334392, at *7 (Tenn. Ct. App. Dec. 14, 2020).

[3] Appellant contends that his recusal motion was not promptly resolved. It was filed on April 7, heard on May 28 (after the filing of a response and reply), and resolved by written order on June 25. The trial judge stated that he had delayed hearing the motion because Appellant had not filed a notice of hearing. In addition, we note that Appellant filed a reply, shortly before the hearing date, raising concerns about the date of decision because he would be unable to timely file an accelerated interlocutory appeal due to his upcoming surgery schedule as a physician. In any event, however, we conclude that the delay does not

- 2 -

## II.   DISCUSSION

Tennessee Supreme Court Rule 10B provides, in pertinent part:

> **2.01.** If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, . . . the trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right, as provided in this section 2, or the ruling can be raised as an issue in an appeal as of right, see Tenn. R. App. P. 3, following the entry of the trial court's judgment. These two alternative methods of appeal--the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment--shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this rule. In both types of appeals authorized in this section, the trial court's ruling on the motion for disqualification or recusal shall be reviewed by the appellate court under a de novo standard of review, and any order or opinion issued by the appellate court should state with particularity the basis for its ruling on the recusal issue.

Tenn. Sup. Ct. R. 10B, § 2.01.  The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the motion for recusal. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017).  We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

Appellant goes to great lengths on appeal to argue that Judge Collins should have granted the motion for recusal.  Ultimately, he asks this Court to reverse the order denying recusal and disqualify Judge Collins from proceeding over any further proceedings. However, because Judge Collins has entered an order presenting the case to the presiding judge for reassignment and hearing by interchange, we conclude that any issue regarding the recusal motion is now moot.[4]

---

entitle Appellant to any relief on appeal.  *See Halliburton v. Ballin*, No. W2022-01208-COA-T10B-CV, 2022 WL 4397190, at *4 n.4 (Tenn. Ct. App. Sept. 23, 2022) (agreeing with the appellant that the trial judge "should have promptly addressed" his recusal motion but explaining that the delay did not entitle him to relief on appeal where he did not "point to any orders that were entered while the motion was pending," he agreed that "[t]here were no orders given by the court during a ten-month hiatus," and he had asked the trial court to "do[ ] nothing" until his federal habeas petition was exhausted); *Xingkui Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244, at *5 (Tenn. Ct. App. Nov. 18, 2020) (noting that Rule 10B does not define "promptly" but concluding that an unexplained delay of six weeks before hearing the motion, during the coronavirus pandemic, provided "no basis for reversal of the trial court's order denying recusal").

[4] Appellant compares this case to *Haggard v. Carroll*, No. W2023-01521-COA-R3-CV, 2024 WL 5155594 (Tenn. Ct. App. Dec. 18, 2024).  However, in that case, the trial judge "did not enter an order on

- 3 -

This Court considered a similar situation in *Dougherty v. Dougherty*, No. W2020-01606-COA-T10B-CV, 2020 WL 7334388, at *2 (Tenn. Ct. App. Dec. 14, 2020), where a trial judge denied motions to recuse filed by a father, but in the same order, announced that certain facts had recently come to light that led the court to recuse itself "on the Court's own motion and not on any of the grounds set forth in Mr. Dougherty's motions." The father filed a Rule 10B appeal and argued "vigorously" that the trial judge erred in denying his motions for recusal. *Id.* at *3. However, we explained that the father had "missed the point." *Id.* "Although the Trial Court did not grant Father's amended motion for recusal, within the very same order the Trial Court *sua sponte* recused itself." *Id.* "As such, Father's argument that the Trial Court erred in not granting his amended motion for recusal and instead *sua sponte* recused [was], at best, moot." *Id.*

Tennessee courts have deemed recusal issues moot in other scenarios as well. *See, e.g.*, *Manookian v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 685 S.W.3d 744, 778 (Tenn. 2024) ("[T]he initial hearing panel member gave notice that he was voluntarily stepping off the panel, rendering Mr. Manookian's motion to disqualify moot."); *Georgewill v. CMH Homes, Inc.*, No. E2025-00865-COA-T10B-CV, 2025 WL 2053042, at *1 n.1 (Tenn. Ct. App. July 22, 2025) ("The plaintiff has also sought recusal of Justice Bivins, Judge Davis and Judge Frierson. Justice Bivins and Judge Davis are not involved in this appellate panel, so the motions as to them are moot."); *Houston v. State*, No. E2020-00342-CCA-R3-HC, 2021 WL 303584, at *2 (Tenn. Crim. App. Jan. 29, 2021) (denying a motion to recuse as moot where the case was removed from the original docket and placed upon a subsequent docket to which the judge at issue was not assigned); *Foster v. Foster*, No. M2018-00595-COA-R3-CV, 2019 WL 1959603, at *4-5 (Tenn. Ct. App. May 2, 2019) (deeming a recusal motion moot when it was filed two weeks after the trial court entered its final order when there was no matter pending before the court); *Citizens Real Est. & Loan Co. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 767 (Tenn. Ct. App. 1981) ("Our determination requiring a new trial renders any consideration of the issue of the trial judge's recusal moot, since the record before us establishes the trial judge has now recused himself from any further consideration of any issues in this case.").

"A case is 'moot if it no longer serves as a means to provide some sort of relief to

---

Appellant's motion for recusal, and there was no order transferring the case to another judge by interchange." *Id.* at *1. We explained that "[i]n the absence of the required order granting or denying Mother's motion to recuse (and, if recusal was granted, an order transferring the case to be heard by interchange), the case was not properly transferred to Judge Scott under Rule 10B." *Id.* at *6. Here, however, the trial court's order *did* resolve the motion to recuse and present the case to the presiding judge for reassignment. Thus, there is no "absence of the required order." *See id.* Appellant complains that the order was prepared by opposing counsel, but it incorporated the trial judge's lengthy oral ruling and largely restated it within the order as well. It is a valid order and complies with Rule 10B. *See Woodward v. Woodward*, No. M2023-01298-COA-T10B-CV, 2023 WL 7323285, at *27-30 (Tenn. Ct. App. Nov. 7, 2023).

the party who may prevail or if it no longer presents a present, live controversy.'" *Buckley v. Elephant Sanctuary in Tenn., Inc.*, 639 S.W.3d 38, 47-48 (Tenn. Ct. App. 2021) (quoting *Lance v. York*, 359 S.W.3d 197, 204 (Tenn. Ct. App. 2011)). Courts will decline to hear a case "if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). Here, Appellant filed his recusal motion in order to prevent Judge Collins from presiding over his case, and he asked that the case be reassigned in accordance with the applicable rules and procedures. The trial court's order grants him the very relief he requested. As such, we deem the issue of recusal moot.

Appellant argues on appeal that he has been prejudiced by the trial judge's decision to reassign the case to the presiding judge for interchange because the case has now been delayed pending reassignment. He also suggests that reassignment within the same district, if that occurs, will "create an unavoidable appearance of judge-shopping" due to the small number of judges in that district. However, it appears to us that Appellant obtained the very relief he sought in the trial court – reassignment pursuant to the applicable policies and procedures.

Rule 10B provides the following designation procedure in the event of recusal, as pertinent to this appeal:

> **1.04**. *Designation Procedure*. A judge who recuses himself or herself, whether on the judge's own initiative or on motion of a party, shall not participate in selecting his or her successor, absent the agreement of all parties. With the agreement of all parties to the case, the judge may seek an interchange in accordance with Tenn. Sup. Ct. R. 11, § VII(c)(1). Otherwise, the presiding judge of the court shall effect an interchange in accordance with Tenn. Sup. Ct. R. 11, § VII(c)(2) and/or (3) in sequential order. . . . If an interchange cannot be effected by following the above procedure in sequential order, the presiding judge or the presiding judge pro tempore shall request--by using the designation request form appended to this rule--the designation of a judge by the Chief Justice, pursuant to Tenn. Sup. Ct. R. 11, § VII(c)(4).[5] . . . Special permission to skip the sequential steps may be

---

[5] The referenced sections of Tennessee Supreme Court Rule 11 provide:

(1) The judge shall seek interchange in accordance with Tenn. Code Ann. § 17-2-202;
(2) The judge shall apply to the presiding judge or, if the applying judge is the presiding judge, the presiding judge pro tempore of the judicial district to effect an interchange with a judge of that judicial district in accordance with Tenn. Code Ann. § 16-2-509(c);
(3) The presiding judge or the presiding judge pro tempore of the judicial district shall effect an interchange with a judge from another judicial district in accordance with Tenn. Code Ann. § 16-2-509(d);
(4) The presiding judge or the presiding judge pro tempore shall request from the director

granted by the Chief Justice for good cause shown.

Assuming that Appellant would not have agreed to allowing Judge Collins to seek an interchange upon his recusal, the presiding judge would have effected an interchange. *See id.* The trial judge's order likewise refers the case to the presiding judge for reassignment. Thus, we discern no prejudice to Appellant from the trial court's order regarding reassignment.[6]

One final point deserves mention. In the context of recusal motions, our Supreme Court has stated that "[a] trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal." *Adams v. Dunavant*, 674 S.W.3d 871, 879 (Tenn. 2023). Our opinion should not be read to encourage the practice employed in this case. We simply conclude that the limited issue before us in this recusal appeal is now moot.

### III. CONCLUSION

This appeal is hereby dismissed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the appellant, Alton Earl Ingram, for which execution may issue if necessary.

---

> of the Administrative Office of the Courts the designation of a judge by the Chief Justice, in accordance with Tenn. Sup. Ct. R. 10B, § 1.04, Tenn. Code Ann. §§ 16-3-502(3)(A) and 17-2-110. The presiding judge or presiding judge pro tempore shall use the designation request form appended at the end of Tenn. Sup. Ct. R. 10B.

Tenn. Sup. Ct. R. 11, § VII(c)(1)-(4).

[6] Appellant also argues on appeal that his case should be transferred to Davidson County for a neutral site pursuant to Tennessee Code Annotated section 16-1-116, but that statute provides for a transfer when a court "determines that it lacks jurisdiction." Tenn. Code Ann. § 16-1-116. As such, it does not apply in this situation. "Tenn. Code Ann. § 16-1-116 permits transferring an 'original civil action' only when the court in which it was filed 'determines that it lacks jurisdiction.'" *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009); *see, e.g.*, *Owens v. Muenzel*, No. E2018-00199-COA-R3-CV, 2018 WL 6721800, at *9 (Tenn. Ct. App. Dec. 21, 2018) ("This statute provides that a trial court may transfer a case that was incorrectly filed to any other such court in which the action or appeal could have been brought, when the trial court determines that the interests of justice would be served by such a transfer. Here, the case could not be transferred to chancery court because the circuit court did not 'lack[ ] jurisdiction' over the 'original civil action[].' The circuit court clearly had jurisdiction to award the damages requested.") (internal case quotation omitted); *Pee Wee Wisdom Child Dev. Ctr. v. Cooper*, No. W2010-00484-COA-R10-CV, 2012 WL 456482, at *6 (Tenn. Ct. App. Feb. 14, 2012) ("[T]he Attorney General argues that the trial court should have transferred this matter to Davidson County pursuant to Tennessee Code Annotated section 16-1-116, which provides that when a court 'determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed.' Because we find that the trial court did not lack jurisdiction over the dissolution proceeding and pending receivership, it is not necessary for us to consider this statute."). Under Rule 10B, Appellant is not entitled to insist on a transfer to a specific county.

_____
CARMA DENNIS MCGEE, JUDGE